On Petition for Rehearing Granted.
TERRELL, Justice.
On petition for rehearing granted this cause has been thoroughly re-examined, “including certain factual matters which were conclusively shown in the record.” The part of the decree appealed from with which we are concerned has to do with mental capacity and is as follows:
“3. On the matter of capacity, I find that the deceased, Mrs. Davol, did not lack capacity in the premises; that while she was addicted to drink, and to drugs in the form of sleeping pills, the preponderance of the evidence shows rather clearly (1) that she was not addicted to the point of having become unbalanced or incompetent; (2) the periods or times when she *665 overindulged, to an extent which might be considered to have rendered her incompetent or incapable of understanding what she was doing, were not of long duration and were not frequent; (3) in general, when drinking heavily or using the drugs to excess, these influences were limited to portions of the day, usually the latter part, and she seems regularly to have been clear, lucid and competent, and capable of attending to her business in a determined and strong-willed manner, during parts of the day (and according to the evidence during all day a major part of the time) ; that even if she was drunk, drugged or incompetent during part of the time or part of each day, there was no showing that the transactions involved did not occur during the other parts of the day when she was not so affected.
“4. The parties claiming a gift, in such a case, have the burden of establishing the legal requirements for validity and effectiveness of the gifts, not only by preponderance of evidence, but by clear, positive and satisfactory proofs.”
In other words, when reduced to concise or unequivocal statement, the court held that while Mrs. Davol was addicted to the use of liquor and drugs in the form of sleeping pills, she was not incompetent or unbalanced; that there may have been brief periods in which she was incompetent or incapable of understanding what she was doing because of overindulgence. The burden was on those claiming gifts from her to show that they were not acquired during said periods by clear, positive and satisfactory proof.
Under the circumstances we do not think this was an unreasonable requirement in view of the showing as to Mrs. Davol’s frequent indulgence in practices that may have dethroned her mentality for the time being. Much of the petition for rehearing is devoted to the manner in which this court and the court below “missed the boat” in applying the law to the facts of this case but after all is said, we are confronted with the simple proposition of whether or not those claiming gifts from Mrs. Davol established their giving by preponderance of clear and convincing evidence. The pleadings made this issue and the chancellor decided it against appellants.
Appellants overlook the fact that we are confronted solely with the decree of the chancellor wherein they are required to point out the commission of error. It is not a question of what appellants think the chancellor should have decided or what they think the law is; it is a question of error in the chancellor’s decree, and in this case that question is reduced to the simple one of whether or not his decree was supported by clear and positive proof.
The gifts involved are shown to be expensive. Except the ermine wrap and the emerald ring of IS or 16 carats alleged to have been given to Mrs. Betsy R. Booth in the spring of 1950, they were all given within 90 days or thereabouts of Mrs. Davol’s death, February 13, 1952. This was the period in which she was shown to have imbibed heavily. The ermine wrap and the emerald ring of 15 or 16 carats were given to Mrs. Booth about two years before Mrs. Davol’s death and then there is evidence that Mrs. Booth wore them at cocktail parties in Mrs. Davol’s presence and spoke of them as having been gifts from her.
Account of these facts we have reached the conclusion that the judgment appealed from be quashed as to the ermine wrap and the emerald ring of 15 or 16 carats. In all other respects our judgment filed April 13, 1955 is adhered to.
DREW, C. J., SEBRING, J., and KAN-NER, Associate Justice, concur.